UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ARSHDEEP SINGH,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 26-CV-04945 JAO (VET)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Petitioner Arshdeep Singh ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Also before the Court is Respondents' Return to the Petition (ECF No. 4), and Petitioner's Traverse (ECF No. 5).

For the following reasons, the Court **DENIES** the Petition.

**BACKGROUND**

Petitioner is a citizen of India. *See* ECF No. 1 ¶ 5. He entered the United States on December 29, 2022. *See id*. Though Petitioner was apprehended, processed, and granted conditional parole, *see id.* ¶ 6, Petitioner was detained at a check-in on August 11, 2026 due to numerous violations of the conditions of his prior release in the Alternatives to Detention program, *see* ECF No. 4 at 2. Petitioner had allegedly missed nine biometric

check-ins and had one instance in which he disabled the location monitoring service between February 24, 2026 and July 14, 2026. *See id.*

Petitioner was initially scheduled for a bond hearing on September 4, 2025. *See id.* At the hearing, Petitioner requested to withdraw the request for a bond hearing until he could gather more evidence. *See id.* It does not appear that either party has requested a bond hearing since. Petitioner now alleges, in this Court, that his detention violates the Due Process Clause of the Fifth Amendment. *See* ECF No. 1 ¶¶ 98–107.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner argues that his detention without notice or a pre-deprivation hearing violates his right to due process. *See* ECF No. 1 ¶¶ 98–107. Notably, Petitioner does not ask that the Court order a bond hearing, arguing that a bond hearing would not provide him appropriate relief. *See* ECF No. 5 at 8. Respondents contend that because Petitioner violated the conditions of his prior release, Petitioner is subject to detention under 8 U.S.C. § 1226(a). *See* ECF No. 4 at 1–2. Respondents thus acknowledge that Petitioner is entitled to a bond hearing. *See id.* at 2. Nevertheless, because Petitioner sought to

withdraw the request for a hearing until he could gather more evidence, and because Petitioner must exhaust his administrative remedies before seeking relief in this Court, Respondents state that the Court should deny the Petition as moot or, in the alternative, stay a decision until Petitioner requests a new bond hearing. *See id.* at 2–3. In his Traverse, Petitioner reiterates, alongside other arguments discussed in further detail below, that his detention without notice or a pre-deprivation hearing violates his constitutional rights. *See generally* ECF No. 5.

While the Ninth Circuit stayed the application of *Bautista* beyond the Central District of California, the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock* suggests that members of Petitioner's class (*i.e.*, persons present without admission who are apprehended in the interior of the United States) are subject to 8 U.S.C. § 1226(a), rather than the detention regime outlined in § 1225(b)(2)(A). *See Rodriguez Vasquez*, No. 25-6842, slip op. at 10 (9th Cir. 2026). 8 U.S.C. § 1226(a) generally governs the detention and release on conditional parole of noncitizens during removal proceedings, and 8 U.S.C. § 1226(b) expressly permits the government to revoke such conditional parole. *See* 8 U.S.C. §§ 1226(a); 1226(b). Individuals detained under 8 U.S.C. § 1226(a) may seek individualized bond determination before an immigration judge and pursue administrative review of adverse determinations. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Ninth Circuit generally requires exhaustion of all available administrative remedies before a petitioner seeks habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Petitioner entered the United States in December 2022, was granted parole, and subsequently had his parole revoked due to violations of the conditions of his prior release. *See* ECF No. 1 ¶¶ 5–6; ECF No. 4 at 2; ECF No. 4-1 at 3. Petitioner is thus subject to the provisions of 8 U.S.C. § 1226(a) and is clearly entitled to a bond hearing, upon which the immigration judge will determine his eligibility for release. *See, e.g.*, *Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025); *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging

*Bautista* and ordering bond hearing). But while Petitioner acknowledges that 8 U.S.C. § 1226(a) applies to his situation, Petitioner maintains that a bond hearing would not constitute appropriate relief. *See* ECF No. 5 at 8. Instead, Petitioner argues that he is entitled to immediate release, as he has no criminal history, has not been determined to be dangerous or a flight risk, and has not missed his immigration court hearings. *See id.*

The Court is not persuaded. The Court recognizes Petitioner's substantial interest in freedom from restraint. But Petitioner's parole was revoked under 8 U.S.C. § 1226(b), and 8 U.S.C. § 1226(a) provides the process for determining whether Petitioner should remain detained or be released, i.e., an individualized bond hearing before an immigration judge. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). And the Ninth Circuit generally requires exhaustion of all available administrative remedies before a petitioner seeks habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Petitioner argues that *Rodriguez Diaz* does not require dismissal of his Petition, *see* ECF No. 5 at 4, and that exhaustion does not bar review of his constitutional claims, *see id.* at 5. But although *Rodriguez Diaz* does not mandate dismissal, neither does it establish Petitioner's entitlement to immediate release. And while the Court is permitted to review constitutional challenges to immigration detention, Petitioner has not established why the available administrative procedures are inadequate to address his asserted entitlement to release. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Petitioner's conditional parole was revoked following alleged violations of his release conditions. *See* ECF No. 1 ¶¶ 5–6; ECF No. 4 at 2; ECF No. 4-1 at 3. Petitioner was offered a bond hearing, requested additional time, and has not subsequently sought a hearing. *See* ECF No. 4 at 2–3. In these circumstances, an individualized bond hearing

would precisely permit consideration of whether Petitioner's continued detention is warranted.[1]

As set forth above, the Court would ordinarily grant a bond hearing in situations like Petitioner's, but because Petitioner has represented that he does not seek a bond hearing, *see* ECF No. 5, the Court will deny the Petition without prejudice at this juncture. Petitioner is not barred from reraising the issues presented in the Petition to seek the appropriate relief.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice.[2]

**IT IS SO ORDERED.**

Dated: October 8, 2026

Jill A. Otake
United States District Judge

---

[1] Indeed, an individualized bond hearing would be the appropriate avenue for determining whether Petitioner would be, for instance, dangerous to the community or a flight risk.

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 13. The EAJA requires that the fee applicant be a "prevailing party." *See* 28 U.S.C. § 2412; *Meza-Vasquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021). Because Petitioner has not "prevailed" on the Petition at this juncture, Petitioner is not entitled to fees under the EAJA and that request is denied.